

FILED

NOV 17 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VENKATESWARA CHAGAMREDDY,<br><br>Defendant. | Case No. 25 CR - 441 JDR<br><br>INDICTMENT<br>[COUNT ONE: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;<br>COUNT TWO: 18 U.S.C. § 371 – Conspiracy to Demand Money and Property While Falsely Impersonating a Federal Officer;<br>COUNT THREE: 18 U.S.C. § 1951(a) – Conspiracy to Obstruct, Delay, and Affect Commerce by Extortion;<br>Forfeiture Allegation: 18 U.S.C. §§ 981(a)(1)(c) and 982(a)(2) and 28 U.S.C. § 2461 – Fraud Forfeiture] |

THE GRAND JURY CHARGES:

## COUNT ONE
[18 U.S.C. § 1349]

### The Conspiracy and its Object

1. From on or about August 11, 2025, through on or about August 27, 2025, the defendant, **VENKATESWARA CHAGAMREDDY**, and other persons known and unknown to the Grand Jury, knowingly conspired to commit a crime listed in United States Code, Title 18, Chapter 63, namely Wire Fraud, in violation of Title 18, United States Code, Section 1343, in the following manner:

### The Purpose of the Conspiracy

2. The purpose of the conspiracy was to enrich **CHAGAMREDDY** and his co-conspirators by defrauding H.J.R., a person known to the Grand Jury and a resident

of Delaware County, Oklahoma, a location within the Northern District of Oklahoma, by pretending to be federal officials and then convincing H.J.R. to hand over large amounts of gold. Unknown co-conspirators posed as federal officials and, through phone calls, emails, and text messages, tricked H.J.R. into liquidating his bank account, buying gold, and packing it for delivery. Then they coordinated with **CHAGAMREDDY** and other unknown co-conspirators, who went to H.J.R.'s rural home near Afton, Oklahoma, to pick up the gold. **CHAGAMREDDY** and his co-conspirators would then divide up the proceeds of the scheme.

## The Manner and Means of the Conspiracy

3. **CHAGAMREDDY** and his co-conspirators used the following manner and means, among others, to achieve the object of the conspiracy:

4. On or about August 11, 2025, H.J.R. called a telephone number which he believed was Microsoft support. The person he spoke to told H.J.R. that criminal activity had been located on H.J.R.'s computer, and the "federal government" would have to be contacted. H.J.R. was shown a list of crimes which H.J.R. had purportedly committed.

5. H.J.R. was then contacted by a person identifying himself as a "supervisor" and "federal officer" and providing a badge number. He told H.J.R. that he would assign a "federal officer" to aid H.J.R. in resolving the criminal matter concerning the crimes located on his computer.

6. The next person to contact H.J.R. identified himself as "Federal Officer David J. Morgan." "Morgan" told H.J.R. that H.J.R.'s identity had been stolen, resulting in H.J.R. being investigated for federal crimes that appeared to have been committed utilizing his computer.

7. "Morgan" then told H.J.R. that if he did not follow orders or if he talked to anyone about being under investigation, they would charge him with crimes. "Morgan" swore H.J.R. to secrecy about their conversations.

8. "Morgan" asked H.J.R. how much money he had available in his bank account, and that to resolve the matter and avoid criminal charges H.J.R. would need to liquidate his bank account and exchange it for gold. "Morgan" then told H.J.R. that an officer would meet him to pick up the gold.

9. "Morgan" continued to contact H.J.R. via telephone and text. As directed by "Morgan," H.J.R. liquidated his bank account and purchased approximately $63,540 in gold.

10. In addition to orally claiming to be a federal officer, "Morgan" sent at least one email to H.J.R. in which "Morgan" claimed to be an officer with the title of Undersecretary with the United States Department of the Treasury and included an image of the seal of the United States Department of the Treasury. Telephone calls and text messages exchanged with "Morgan" were directed to or came from telephone numbers with the area codes (208) and (507), both of which are for locations outside of the State of Oklahoma.

11. From on or about August 14, 2025, to on or about August 22, 2025, H.J.R. was contacted by "Morgan" several times regarding pick up of the gold. H.J.R. was required to validate his possession of the gold through text message photos of him manipulating the gold, taking pictures with the gold, sending pictures of the gold with his driver's license and receipts from the purchase of the gold, as well as handwriting his address and identifiers and sending pictures of the handwritten document with the gold.

12. On or about August 22, 2025, H.J.R. communicated through phone calls and texts with the "officer" to complete a series of tasks, including sending pictures of H.J.R.'s home, roadway, and mailbox, a series of photographs proving he was packaging the gold, and a "selfie" of H.J.R. holding the package of gold.

13. On about August 22, 2025, an unidentified co-conspirator drove up to H.J.R's rural home near Afton while H.J.R. was on a phone call with the "officer," and the "officer" told H.J.R. to approach the vehicle. The driver partially rolled down his window and provided him with a "passcode" provided to H.J.R. by the "officer." H.J.R. handed over the package containing the approximately $63,540 in gold and the vehicle drove away.

## The Execution of the Conspiracy

14. A short time later, H.J.R. was contacted by the same "officer" to facilitate a second delivery of gold. The "officer" requested different amounts to clear up the charges against H.J.R and told H.J.R. that the "officers" would be contacting him to arrange the details of the next exchange.

15. H.J.R. then contacted his family, who told H.J.R. that he was being scammed and contacted law enforcement. Law enforcement officials asked H.J.R. to cooperate to arrange a purported delivery of more gold to try to apprehend the co-conspirator who arrived to pick it up. H.J.R. agreed.

16. On or about August 27, 2025, "Morgan" contacted H.J.R. and confirmed that "officers" would pick up gold from H.J.R.'s residence. "Morgan" requested a series of photos, similar to those requested for the initial transaction, of the gold, the packaging of the gold, a "selfie" of H.J.R. with the package, and photographs of the package itself. Images created to comply with these requests were sent on or about August 27, 2025, by text messages in interstate commerce, to "Morgan" who confirmed the gold would be picked up later that day.

17. On or about August 27, 2025, "Morgan" and H.J.R. had a series of phone calls in interstate commerce in which "Morgan" told H.J.R. that the "assigned officer" would be arriving to pick up the gold and gave H.J.R. a password. While "Morgan" was on an active phone call with H.J.R. discussing when the "officer" would arrive to pick up the gold, **CHAGAMREDDY** arrived at H.J.R.'s rural home near Afton.

18. It was part of the conspiracy that **CHAGAMREDDY**, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, the above-described conspiracy and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises and communications and contacts to and with H.J.R. by means of electronic

5

communications in interstate commerce to obtain and attempt to obtain money and property. It was also part of the conspiracy that **CHAGAMREDDY** and other unknown conspirators shared in the proceeds obtained through the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## [18 U.S.C. § 371]

19. The allegations of Count One of this Indictment are incorporated in this Count by reference.

20. From on or about August 11, 2025, to on or about August 27, 2025, the defendant, **VENKATESWARA CHAGAMREDDY**, and others, known and unknown to the Grand Jury, in furtherance of the scheme described and for the purpose and in the manner set forth in the allegations of Count One of this Indictment, knowingly and willfully agreed and conspired to falsely assume and pretend to be officers acting under the authority of the United States, knowing such assumption and pretention was false, and while acting in such assumed and pretended character demanded and obtained money and other things of value, and attempted to do so, in violation of Title 18, United States Code, Section 912.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE
## [18 U.S.C. § 1951(a)]

21. The allegations of Counts One and Two of this Indictment are incorporated in this Count by reference.

22. From on or about August 11, 2025, to on or about August 27, 2025, the defendant, **VENKATESWARA CHAGAMREDDY**, and others, known and unknown to the Grand Jury, in furtherance of the scheme described and for the purpose and in the manner set forth in the allegations of Count One and Count Two of this Indictment, knowingly and willfully conspired to obstruct, delay, and affect commerce and the movement of any article and commodity in commerce by extortion, through an attempt to obtain property of H.J.R., a person known to the Grand Jury, with his consent induced by wrongful use of actual and threatened fear.

All in violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE ALLEGATION
**[18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2) and 28 U.S.C. § 2461]**

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461.

Upon conviction of Count One alleged in this Indictment, as a part of his sentence, the defendant, **VENKATESWARA CHAGAMREDDY**, shall forfeit to the United States, any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law. The property to be forfeited includes, but is not limited to:

**MONEY JUDGMENT**

A money judgment in an amount of at least $63,540, representing proceeds obtained by the Defendant as a result of the offenses.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendants shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in

value; or has been commingled with other property which cannot be divided without difficulty. Property to be forfeited as substitute property includes, but is not limited to:

**PERSONAL PROPERTY**

Twenty-three gold coins seized by law enforcement from the defendant's vehicle on August 27, 2025.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461.

CLINTON J. JOHNSON
United States Attorney

A TRUE BILL

_____
CHARLES GREENOUGH
Assistant United States Attorney

/s/ Grand Jury Foreperson
Grand Jury Foreperson