# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-441-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

*versus*

VENKATESWARA CHAGAMREDDY,

*Defendant.*

## OPINION AND ORDER

A jury convicted Defendant Venkateswara Chagamreddy of one count of conspiracy to commit wire fraud. Dkt. 59.[1] After trial, Mr. Chagamreddy and his counsel became aware of "potential undisclosed *Brady/Giglio* material," including that one witness, Delaware County Sheriff's Office Captain Keisha Oberg, "has previously been named in lawsuits alleging violation of defendants' constitutional right," and various improprieties of a non-testifying member of the Delaware County Sheriff's Office. Dkt. 74 at 3-5. Mr. Chagamreddy moves for a new trial based on the Government's failure to disclose this information before trial, arguing that the evidence would have helped discredit the "caliber of the investigation" and in his cross-examinations of Captain Oberg and Delaware County Sheriff Ray Thomas. *Id.* at 7. But none of the information to which Mr. Chagamreddy points is material to his case or would have assisted him in discrediting the caliber of the investigation. The Court denies Mr. Chagamreddy's motion for a new trial. The Court directs

---

[1] All citations use CM/ECF pagination.

No. 25-cr-441

the parties to appear on September 10, 2026, at 1:30 p.m. for Mr. Chagamreddy's sentencing.

## I

Mr. Chagamreddy conspired with another person, who went by the apparent pseudonym "Rio," to defraud at least one individual, H.R., out of over $170,000 in gold coins. Dkt. 78 at 1. Mr. Chagamreddy acted as a courier for "Rio" and was sent to pick up the coins. *Id.* But H.R. had alerted the Delaware County Sheriff's Office to the impending pick-up, and the Sheriff's Office intercepted Mr. Chagamreddy when he pulled into H.R.'s driveway. *Id.* Mr. Chagamreddy was then arrested by the Sheriff's Office and interrogated by Captain Oberg and another law enforcement officer. Dkt. 74 at 7. Captain Oberg testified at trial about her planning of Mr. Chagamreddy's arrest, "her demeanor during the interrogation[,] and her aggressive handling of Mr. Chagamreddy when removing him from his vehicle" and "presented herself as someone that only acted aggressively towards Mr. Chagamreddy as an interrogation tactic." *Id.*

After trial, Mr. Chagamreddy's counsel learned that Captain Oberg had "previously been named in lawsuits alleging violations of defendants' constitutional rights" including one involving an allegedly improperly seized cell phone, another where the plaintiff alleged that Captain Oberg "intentionally damaged the cameras around the property to prevent them from capturing what law enforcement was doing." *Id.* at 3-4. The first case settled, and Captain Oberg was dismissed from the second case. *Id.* at 4. Mr. Chagamreddy directs the Court to two other cases in which Captain Oberg was named as a defendant, including one from 2012 when she was convicted of an "Aggravated DUI." *Id.* at 3 n.1.[2]

---

[2] The Government identifies two further cases in which Captain Oberg was named as a defendant; one "car wreck case that was dismissed with prejudice" and "a *pro se* prisoner case that was dismissed by the court" for failure to prosecute. Dkt. 78 at 5.

2

No. 25-cr-441

Another officer with the Delaware County Sheriff's Office, Deputy Colton Coble, was present for Mr. Chagamreddy's arrest and listed as a witness but did not testify at trial. *Id.* at 4. After trial, Mr. Chagamreddy's counsel learned that Deputy Coble had started a fire so that he could, as a volunteer firefighter, "be the first to respond and receive a per diem of ten dollars." *Id.* Mr. Chagamreddy's counsel also learned that Deputy Coble "was investigated for sending inappropriate sexual text messages to a female confidential informant," for which another officer "offer[ed] the excuse that [Deputy] Coble had a drinking problem." *Id.* Deputy Coble, a K9 officer, also "had possession of a K9 that tested positive for heartworm and he spent five thousand dollars" on unspecified treatment. *Id.* at 5. Sheriff Thomas later informed the Delaware County Commissioners that "the dog did not receive treatment from [a] veterinarian" and that Deputy Coble "allegedly treated the K9 himself." *Id.*

Mr. Chagamreddy argues that the information about the prior litigation against Captain Oberg and the improper actions of Deputy Coble was material, favorable to Mr. Chagamreddy, and suppressed by the Government, and so supports a new trial. *Id.*

## II

"To establish a *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] violation, [Mr. Chagamreddy] must prove by a preponderance that (1) the prosecution suppressed evidence, (2) the evidence was favorable to him, and (3) the evidence was material." *McCormick v. Parker*, 821 F.3d 1240, 1246 (10th Cir. 2016). The Government disputes that it suppressed the evidence and argues that it was neither material nor relevant to Mr. Chagamreddy's case. Dkt. 78 at 4. For information to be favorable to a defendant, it must either be exculpatory or impeaching. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). For information to be material, there must be "a reasonable likelihood the evidence could have affected the jury's judgment," but Mr. Chagamreddy need not prove by a preponderance of the evidence "that the jury would have acquitted him had it

No. 25-cr-441

known about the suppressed evidence." *McCormick*, 821 F.3d at 1248. Mr. Chagamreddy need only "show that the new evidence" about Captain Oberg and Deputy Coble "is enough to undermine confidence in the verdict." *Id.* The Court will address the evidence about Captain Oberg and then the evidence about Deputy Coble.

A

Mr. Chagamreddy identifies four cases filed against Captain Oberg; the Government has provided two further cases. Dkts. 74 at 3-4; Dkt. 78 at 5. The first of these cases alleged that Captain Oberg unlawfully seized a cell phone from an individual as part of an "ongoing investigation" in 2017. Dkt. 74 at 3-4. This case was settled. *Id.* at 4; Dkt. 78 at 4. The second alleged that Captain Oberg unlawfully seized "virtually every item" from the plaintiffs' property and "intentionally damaged the cameras around the property to prevent them from capturing what law enforcement was doing," also in 2017. Dkt 74 at 4. Captain Oberg was dismissed from that case. *Id.* Mr. Chagamreddy also identifies that Captain Oberg was named in a "newly filed replevin action" and that Captain Oberg was convicted of an "Aggravated DUI" in 2012. *Id.* at 3 n.1.

The Government has provided the petition in the replevin action, which seeks return of a cell phone seized in a search warrant. Dkt. 78-3. The Government has also identified two further cases, "a car wreck case that was dismissed with prejudice" and a "*pro se* prisoner case" that was dismissed for failure to prosecute. Dkt. 78 at 5.

These cases are neither exculpatory nor impeaching under *Strickler*, 527 U.S. at 281-82. To support the argument that they are exculpatory, Mr. Chagamreddy asserts that these cases would assist him in discrediting the "caliber of the investigation." Dkt. 74 at 7. He argues that it would have allowed him to challenge Captain Oberg's testimony about her "demeanor during the interrogation and her aggressive handling of Mr. Chagamreddy when

4

removing him from his vehicle." *Id.* But Mr. Chagamreddy does not explain, and the Court does not see, the relevance for admitting these cases . None of these cases relate to the facts in Mr. Chagamreddy's case, and even if they had similar facts, it is unclear how they could be used "to discredit [Captain Oberg's] assertion [that] the force she used was not excessive and her tactics with Mr. Chagamreddy were reasonable." *Id.* at 7-8. The cases are thus not exculpatory under *Strickler*. 527 U.S. at 281-82.

Rule 608 prohibits the introduction of specific conduct, except for criminal convictions, for impeachment purposes. Fed. R. Evid. 608. And Captain Oberg's one criminal conviction is more than ten years old, making it inadmissible under Rule 609(a). Fed. R. Evid. 609. None of these cases are admissible for impeachment purposes and are thus not favorable under either *Strickler* prong. 527 U.S. at 281-82.

But even if favorable, the cases still would not constitute *Brady* material because they are not material to Mr. Chagamreddy's defense. The cases do not relate to issues raised in Mr. Chagamreddy's case, and they do not bear on any issue of fact at trial. Mr. Chagamreddy's conviction did not hinge on Captain Oberg's use of force or reasonable interrogation tactics—the evidence involved Mr. Chagamreddy's interactions with "Rio," the presence of gold in Mr. Chagamreddy's car, and the video of Mr. Chagamreddy's interrogation. If Mr. Chagamreddy sought to argue that Captain Oberg used improper tactics in the interrogation, the video would be relevant evidence; unrelated civil allegations from 2017 simply would not.

The civil and criminal cases in which Captain Oberg was named as a defendant are neither favorable nor material and thus did not need to be produced by the Government subject to their *Brady* obligations. They do not support a new trial.

No. 25-cr-441

## B

Mr. Chagamreddy also argues that the information about Deputy Coble's prior improprieties would have been useful for the cross-examination of Sheriff Thomas. Dkt. 74 at 8. But besides oblique references to "accounting issues for treatment of a K9" and Sheriff Thomas's proclivity for "keep[ing] information secret" with non-disclosure agreements,[3] Mr. Chagamreddy does not explain how information about Deputy Coble's prior actions is at all relevant to the case. *Id.* Deputy Coble did not testify. *Id.* at 4. Nor was Deputy Coble even mentioned at trial. And his actions prior to joining the Delaware County Sheriff's Office, or apparent "accounting issues" while employed there, do not bear on the subject matter of Sheriff Thomas's testimony—that is, the investigation and procedures used in Mr. Chagamreddy's arrest. *Id.* The information about Deputy Coble does not "undermine confidence in the verdict" and therefore does not support a new trial. *McCormick*, 821 F.3d at 1248.

## III

Mr. Chagamreddy's motion for a new trial is denied. The Court directs the parties to appear on September 10, 2026, at 1:30 pm for Mr. Chagamreddy's sentencing.

DATED this 13th day of August 2026.

JOHN D. RUSSELL
*United States District Judge*

---

[3] Mr. Chagamreddy does not clearly allege that the existence of the non-disclosure agreements was *Brady* material or suppressed by the Government, nor does he give a reason for the relevance of the agreements to the facts of this case. Dkt. 74 at 8.

6